LAW OFFICE OF GREGORY JAVARDIAN, LLC
By Mary F. Kennedy, Esquire
Attorney I.D. # 77149
1310 Industrial Blvd.
1st Floor, Suite 101
Southampton, PA 18966
(215) 942-9690
Attorney for First Tennessee Bank National Association successor through merger with First Horizon Home Loan Corporation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Matthew J. Snowden<br>Janice L. Snowden<br>    Debtor(s) | Chapter 13 Proceeding<br><br>14-18069 AMC |

**STIPULATION BY AND BETWEEN MATTHEW J. SNOWDEN AND JANICE L. SNOWDEN AND FIRST TENNESSEE BANK NATIONAL ASSOCIATION SUCCESSOR THROUGH MERGER WITH FIRST HORIZON HOME LOAN CORPORATION**

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed by Mary F. Kennedy on behalf of mortgagee, First Tennessee Bank National Association successor through merger with First Horizon Home Loan Corporation ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. Movant is a mortgagee and holder of a perfected, secured claim against the Debtor pursuant to a Note and Mortgage on Debtor's real estate known as at 1002 Wyoming Circle, Lincoln University, PA 19352.

2. Upon approval by the United States Bankruptcy Court of the within Stipulation, Debtor and secured creditor, First Tennessee Bank National Association successor through merger with First Horizon Home Loan Corporation, agree to the following:

(a) Debtor(s) acknowledges that the current regular monthly post-petition mortgage payment is $1,314.25 per month. The monthly payment is subject to change in accordance with the terms of the Note and Mortgage.

(b) Debtor(s) acknowledge that debtor(s) is currently due for the following amounts post-petition:

| | |
|---|---|
| 8/1/2017 Payment | $1,314.25 |
| 9/1/2017 Payment | $1,314.25 |
| 10/1/2017 Payment | $1,314.25 |
| Motion for Relief Attorney Fees & Costs | $1,031.00 |
| TOTAL | $4,973.75 |

(c) Commencing with the November 1, 2017 payment the Debtor(s) shall resume and shall continue to make all regular monthly post petition mortgage payments when they are due in accordance with said Note and Mortgage.

(d) Beginning November 1, 2017 and continuing monthly through April 1, 2018, in addition to Debtor(s) regular monthly post petition mortgage payment Debtor(s) shall pay to First Tennessee Bank National Association successor through merger with First Horizon Home Loan Corporation its successors and/or assigns the sum of $828.96. This payment shall be applied towards the arrears shown in paragraph 2(b) above.

(e) All payments from Debtor(s) to First Tennessee Bank National Association successor through merger with First Horizon Home Loan Corporation its

2

successors and/or assigns shall be in the form of certified funds or Trustee checks if conduit payments.

(f) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

(g) The Debtor(s) shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not timely made, Movant may provide the Debtor(s) and their counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting First Tennessee Bank National Association successor through merger with First Horizon Home Loan Corporation its successors and/or assigns relief from the automatic stay without further notice and hearing.

(h) Should First Tennessee Bank National Association successor through merger with First Horizon Home Loan Corporation its successors and/or assigns be granted relief from the stay after filing a Certification of Default in accordance with paragraph 2(g) above, the parties agree that the said relief order shall include the following language: "bankruptcy Rule 4001(a)(3) is not applicable and Movant is allowed to immediately proceed with foreclosure and all other relief available under the Non Bankruptcy law."

3

(i) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____  Date: 10/31/17
Michael H. Kaliner, Esquire
Attorney for Debtor, Matthew J. Snowden and Janice L. Snowden

_____  Date: 10/31/2017
Mary F. Kennedy, Esquire
Attorney for First Tennessee Bank National Association successor through merger with First Horizon Home Loan Corporation

_____  Date: 11-1-17
William C. Miller, Esquire
Trustee   JACK MILLER   No objection

On this ___ day of _____, 2017, approved by the Court.

_____
United States Bankruptcy Judge
Ashely M. Chan

cc:  Mary F. Kennedy, Esquire
     1310 Industrial Blvd.
     1st Floor, Suite 101
     Southampton, PA 18966

     Michael H. Kaliner, Esquire
     Adelstein & Kaliner, LLC
     350 South Main Street, Suite 105
     Doylestown, PA 18901

     William C. Miller, Esquire
     1234 Market Street
     Suite 1813
     Philadelphia, PA 19107

4